**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000418
31-OCT-2018
11:08 AM**

NO. CAAP-16-0000418

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


US BANK NATIONAL ASSOCIATION, as Trustee for
the J.P. Morgan Mortgage Acquisition
Trust 2006-WF1, Plaintiff-Appellee,
v.
CLEOPATRA U. JULIO and ANTONIO A. JULIO,
Defendants-Appellants,
and
JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10,
DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-1390)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Fujise and Reifurth, JJ.)

This appeal arises out of a foreclosure action
initiated by Plaintiff-Appellee US Bank National Association, as
Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WF1 ("US
Bank") to foreclose on certain real property owned by Defendants-
Appellants Cleopatra Julio and Antonio Julio (collectively, "the
Julios"). The Julios, *pro se*, appeal from (1) the Findings of
Fact, Conclusions of Law and Order Granting Plaintiff's Motion
for Summary Judgment and Decree of Foreclosure Against All
Defendants on Complaint Filed June 18, 2014 ("Summary Judgment
Order"), and (2) the Judgment on Findings of Fact, Conclusions of
Law and Order Granting Plaintiff's Motion for Summary Judgment
and Decree of Foreclosure Against All Defendants on Complaint
Filed June 18, 2014 ("Foreclosure Decree"), both entered by the

Circuit Court of the First Circuit ("Circuit Court") on May 10, 2016.[1]

On appeal, and in light of the various assertions and contentions made in the Julios' opening brief,[2] we construe the Julios as alleging that (1) the Circuit Court lacked jurisdiction to enter the Foreclosure Decree because US Bank does not have a license to "do business in Hawaii" and US Bank lacked standing to foreclose on the Property; (2) US Bank violated the Civil Rights Act; (3) the Circuit Court erred in entering the Summary Judgment Order because US Bank failed to establish that it was the holder of the Fixed Rate Note ("Note") at the commencement of the foreclosure action and therefore lacked standing; (4) US Bank violated Hawaii Revised Statutes section 667-17 that requires an affirmation that counsel has verified the accuracy of the documents submitted in support of this foreclosure action; and (5) US Bank violated the Federal Debt Practices Collection Act by failing to notify the Julios of the assignment of the Mortgage from Wells Fargo Bank, N.A. ("Wells Fargo") to US Bank.

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments and issues they raise, as well as the relevant statutory and case law, we resolve the Julios' points of error as follows, and we vacate and remand for further proceedings.

In their first point of error, the Julios allege that the Circuit Court lacked jurisdiction over the foreclosure proceeding because US Bank "has no license to do business in Hawaii" and did not establish that it was the holder of the Note at the commencement of the foreclosure action and therefore lacked standing. The second issue is dispositive under *Bank of Am., N.A. v. Reyes-Toledo*, 139 Hawai'i 361, 390 P.3d 1248 (2017).

---

[1]    The Honorable Bert I. Ayabe presided.

[2]    The Julios' opening brief does not expressly identify their points of error and, as such, does not comply with Hawai'i Rules of Appellate Procedure Rule 28(b)(4). As such, we would normally disregard those "[p]oints not provided." Haw. R. App. P. 28(b)(4). However, due to this jurisdiction's policy of "affording the litigants the opportunity 'to have their cases heard on the merits, where possible,'" we proceed to the merits to the extent that the court and the parties appear able to discern Appellants' issues and argument. *See Marvin v. Pflueger*, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012) (citation omitted).

In *Reyes-Toledo*, the supreme court held in a judicial foreclosure action that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced. *Id.* at 367-70, 390 P.3d at 1254-57. The supreme court articulated that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." *Id.* at 367, 390 P.3d at 1254 (citing *Bank of Honolulu, N.A. v. Anderson*, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Additionally, a foreclosing plaintiff must establish its entitlement to enforce the note and mortgage at the time the action was commenced. *Id.* at 368, 390 P.3d at 1255. This can be established through admissible evidence showing that the foreclosing plaintiff was in possession of the note at the time the complaint was filed.[3] *Id.* at 370-71, 390 P.3d at 1257-58. The requirement that a foreclosing plaintiff must establish possession also applies when a specially endorsed note is at issue.[4] *See CitiMortgage Inc. v. Mather-Gemelli*, No. CAAP-15-0000707, 2017 WL 2169857, at *1-2 (Hawai'i Ct. App. May 17, 2017) (looking to HRS section 490:1-201 and emphasizing that possession is required to establish entitlement to enforce a specially endorsed negotiable instrument).

Like the foreclosing bank in *Reyes-Toledo*, US Bank was granted a decree of foreclosure by way of summary judgment. In support of its motion, US Bank attached, among other things, two documents to demonstrate that it possessed the subject Note: (1) a "Declaration of Indebtedness" by Darenique L. Jamison (the

---

[3] The requirement extends to both the note and the allonge if, as in this case, the allonge contains the indorsement. *U.S. Bank N.A. v. Mattos*, 140 Hawai'i 26, 33, 398 P.3d 615, 622 (2017).

[4] HRS section 490:3-301 (2008) provides that "the holder of the instrument" is entitled to enforce the instrument. HRS section 490:1-201 (2008) defines a holder as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]" HRS section 490:3-201(b) explains that possession is required whether an instrument is generally or specially endorsed: "Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone."

"Jamison Declaration"), an employee of Wells Fargo, executed on April, 16, 2015, attesting that "[US Bank] *is* in possession of the Promissory Note and The Promissory Note includes an Allonge indorsed specially to [US Bank]"[5] (emphasis added); and (2) a copy of the Note and an *undated* Allonge to Fixed Rate Note ("Allonge") attached as a single exhibit to the Jamison Declaration, which shows that Wells Fargo was the lender for the Note and that Wells Fargo specially indorsed the Note to US Bank through the undated Allonge.  Like in *Reyes-Toledo*, this evidence fails to demonstrate that US Bank had possession of the Note at the time it filed the Complaint on June 18, 2014.

In sum, there is no evidence in the record to establish US Bank's entitlement to enforce the Note when it commenced this action.[6]  Specifically, there is no admissible evidence establishing that US Bank was in possession of the Note and Allonge at the time the Complaint was filed.[7]

Viewing the facts and inferences in the light most favorable to the Julios, as we must for purposes of summary judgment, *Salera v. Caldwell*, 137 Hawai'i 409, 415, 375 P.3d 188, 194 (2016), there is a genuine issue of material fact as to whether US Bank was entitled to enforce the Note at the time the case was commenced.  *See* Haw. Rev. Stat. § 490:3-201(b); *Reyes-*

---

[5]     In *Reyes-Toledo*, plaintiff Bank of America alleged in its complaint that it had the note and mortgage in its possession at the time of the complaint, but did not present evidence establishing that it had possession of the note when the complaint was filed.  139 Hawai'i at 364, 370-71, 390 P.3d. at 1251, 1257-58.

[6]     The Complaint alleged, *inter alia*, that Wells Fargo, the entity in favor of whom the Note was originally executed, "endorsed the Note 'pay to the order of' US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WF-1, plaintiff herein" and that US Bank "remains the holder of the Note and is entitled to enforce it pursuant to HRS § 490:3-301." Further, a copy of the Note, and an undated Allonge (not expressly referenced in the Complaint) were attached as a single exhibit to the Complaint.  US Bank also submitted an attorney affirmation with its Complaint.  However, in *Wells Fargo Bank, N.A. v. Behrendt*, 142 Hawai'i 37, 414 P.3d 89 (2018), the supreme court implicitly did not give any evidentiary merit to an attorney affirmation.  *See also Wilmington Sav. Fund Soc'y,FSB v. Yasuda*, No. CAAP-17-0000433, 2018 WL 1904909 (Hawai'i Ct. App. Apr. 23, 2018) (Ginoza, J., concurring).

[7]     Because the Jamison Declaration does not state that US Bank had possession of the Note at the time the Complaint was filed on June 18, 2014, we need not address whether the declaration is appropriate to authenticate the pertinent records under *Mattos*.

*Toledo*, 139 Hawai'i 361, 369-70, 390 P.3d 1248, 1256-57. Therefore, because a foreclosing plaintiff must prove possession of the note  at the time that it initiated the action, irrespective of whether the endorsement was accomplished specially or generally, the Circuit Court erred in granting summary judgment in favor of US Bank.  Given the foregoing, we need not address the Julios' remaining points of error.

Therefore, we vacate the Summary Judgment Order and Foreclosure Decree, both entered in the Circuit Court of the First Circuit on May 10, 2016, and remand this case for further proceedings.

DATED:  Honolulu, Hawai'i, October 31, 2018.


On the briefs:

Cleopatra U. Julio and
Antonia A. Julio,
Pro Se Defendants-Appellants.

Edmund K. Saffery, Regan M.
Iwao, and Lynda L. Arakawa
(Goodsill Anderson Quinn &
Stifel, a Limited Liability
Law Partnership, LLP),
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

5